United States Court of Appeals,

Eleventh Circuit.

No. 93-9403.

Gail HEAD, Plaintiff-Counter-Defendant-Appellee,

v.

Larry MEDFORD, individually and as Mayor of the City of Rutledge,
Ga., Dewey H. Richardson, individually and as City Manager for the
City of Rutledge, Ga., Hazel Conner, individually and as Member of
the City Council for the City of Rutledge, Ga., Virginia Davis,
individually and as Member of the City Council for the City of
Rutledge, Ga., Jimmy Thompson, individually and as Member of the
City Council for the City of Rutledge, Ga., Brad Overstreet,
Defendants-Appellants,

  The City of Rutledge, Ga., Defendant-Cross-Defendant, Counter-
Claimant, Cross-Claimant, Appellant,

  The Cincinnati Insurance Company, Intervenor-Defendant, Cross-
Claimant, Counter-Defendant, Cross-Defendant.

Aug. 25, 1995.

Appeal from the United States District Court for the Middle
District of Georgia. (No. CA-91-128-ATH), Duross Fitzpatrick, Chief
Judge.

Before EDMONDSON and CARNES, Circuit Judges, and MOYE[*], Senior
District Judge.

PER CURIAM:

BACKGROUND

This litigation began as an action for damages in connection

with the termination of plaintiff's employment, in the Superior

Court of Morgan County, Georgia, against appellants, Larry Medford,

Dewey H. Richardson, Hazel Conner, Virginia Davis, Jimmy Thompson,

Brad Overstreet, and the City of Rutledge, Georgia (hereinafter

"defendants").  Appellee, Gail Head (hereinafter "plaintiff"),

[*]Honorable Charles A. Moye, Jr., Senior U.S. District Judge
for the Northern District of Georgia, sitting by designation.

filed a five-count complaint containing four state law claims and claims based on federal law. Plaintiff's federal claims charged that defendants had deprived her of a property interest in her employment with the City of Rutledge (the "City") in violation of the state and federal constitutional rights to due process of law.[1]

Defendants removed this case to the United States District Court for the Middle District of Georgia on the basis of the federal question presented by the due process claim brought by plaintiff under the Fourteenth Amendment of the United States Constitution. Plaintiff thereafter moved to amend her complaint to delete any reference to a federal constitutional claim asserting that such language was surplusage and to remand the case to state court. Plaintiff conceded that she "cannot and has not stated a cognizable claim for relief in a Federal forum," referring at that time to her 14th amendment due process claims. [App. Rec. 16 at 2.] The district court denied plaintiff's motion for remand, as well as her motion to amend the complaint, noting that since federal question jurisdiction existed at the time of removal amending the complaint would not divest the court of jurisdiction.

The Cincinnati Insurance Company ("Cincinnati"), the insurer which issued a position fidelity bond covering plaintiff for $25,000 and naming the City as the insured, sought to intervene in this matter. The district court granted the motion to intervene. Cincinnati filed a counterclaim against plaintiff and a cross-claim against the City. The City then filed a cross-claim against

---

[1] "[N]or shall any State deprive any person of life, liberty, or property, without due process of law...." U.S. Const.Amend. XIV, § 1.

intervenor Cincinnati.

Following approximately one year of discovery, on all claims, state and federal, defendants sought summary judgment on all claims, including the federal constitutional claims, which plaintiff opposed. The district court granted defendants' motion for summary judgment on plaintiff's federal constitutional claims only.[2] The district court declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed them without prejudice pursuant to 28 U.S.C. § 1367(c), a dismissal contested by defendants.

Defendants sought reconsideration of the district court's dismissal of plaintiff's state law claims on the ground that the court retained jurisdiction, and equitable considerations warranted retention of jurisdiction. Defendants also filed a motion for attorneys fees and a bill of costs. Similarly, plaintiff filed a motion for attorneys' fees, costs and expenses.

The district court denied defendants' motion for reconsideration. This appeal followed.

This case presents two issues only. First, did the district court err in denying without explanation the bill of costs sought by appellants pursuant to Rule 54(d) of the Federal Rules of Civil Procedure? Second, did the district court err in denying without explanation appellants' motion for attorneys' fees brought under 42

---

[2]The district court determined that plaintiff alleged three federal constitutional violations: 1) violation of due process for failing to follow established municipal procedures for firing employees, 2) violation of due process by the taking of her property right in employment, and 3) violation of the takings clause of the Fifth Amendment [incorporated in the XIV Amendment] by unlawfully discharging plaintiff. [App.Rec. 128 at 2-3.]

U.S.C. § 1988 or Rule 11 of the Federal Rules of Civil Procedure? There is no claim here that the district court abused its discretion in dismissing all state law claims. We conclude that the answer to both questions is "yes," and thus, remand this case to the district court to award costs and attorneys' fees in an appropriate amount or to explain its decision to award no costs or fees.

STANDARD OF REVIEW

We review the factual findings underlying a district court's determination regarding prevailing party status for clear error. *Church of Scientology Flag Serv., Org., Inc. v. City of Clearwater,* 2 F.3d 1509, 1512-13 (11th Cir.1993), *cert. denied,* --- U.S. ----, 115 S.Ct. 54, 130 L.Ed.2d 13 (1994). "Whether the facts as found suffice to render the plaintiff a "prevailing party' is a legal question reviewed *de novo.*" *Church of Scientology,* 2 F.3d at 1513. Finally, a district court's determination that a party has prevailed for purposes of awarding attorneys' fees is reviewed for abuse of discretion. *Id.*

I. *Bill of Costs*

The district court's order denying attorneys' fees and costs in this case stated: "[a]fter careful consideration Plaintiff's and Defendant's motions for attorney's fees, costs and expenses are hereby DENIED." [App. Rec. 151.] The district court made no finding whether defendants were prevailing parties for purposes of determining costs under Rule 54(d), Fed.R.Civ.P., or attorney's fees under 42 U.S.C. § 1988. Neither did the district court explain its decision to deny attorney's fees and costs to both

parties.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). This Court has held that "where the trial court denies the prevailing party its costs, the court *must* give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir.1984) (citation omitted) (emphasis added). Thus, although the district court has discretion to deny a prevailing party costs, such discretion is not unfettered.

In the case *sub judice,* the district court did not determine whether defendants were prevailing parties and gave no reason for denying defendants' bill of costs. This was an abuse of the court's discretion. *Gilchrist v. Bolger,* 733 F.2d at 1557.

We have determined previously, in connection with 42 U.S.C. § 1988, that "we may decide, rather than remanding the issue to the district court, whether the ... [party] is now a prevailing party entitled to an ... award of attorneys' fees and costs. *See Jones v. Diamond,* 636 F.2d 1364, 1381-83 (5th Cir. Jan. 29, 1981) (en banc)." *Ensley Branch, NAACP v. Siebels,* 31 F.3d 1548, 1582 (11th Cir.1994). We see no principled reason not to extend this rule to allow us to decide as a matter of law whether a party has prevailed in connection with assessing costs under Federal Rule of Civil Procedure Rule 54(d).

To be a prevailing party

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra,* § 2667, p. 129-130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*United States v. Mitchell,* 580 F.2d 789, 793-94 (5th Cir.1978) (citations omitted).[3]

There is no question but that the district court rendered a judgment in defendants' favor by granting their motion for summary judgment on plaintiff's federal claims although practically that apparently constituted only a small part of plaintiff's claims. That the district court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 and dismissed all of plaintiff's remaining state law claims, does not impair the fact that, as far as the federal case was concerned, defendants prevailed. Thus, defendants were the prevailing party in the district court for purposes of Rule 54(d) and are entitled to their costs unless the district court has some special reason to deny the costs.

II. *Attorneys' Fees*

The district court's order denying plaintiff's and defendants' motions for attorneys' fees did not determine which party had prevailed for purposes of 42 U.S.C. § 1988,[4] or whether plaintiff's

---

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc* ), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

[4]42 U.S.C. § 1988 provides:

federal claims were frivolous.  Again, we properly may determine which party has prevailed so as to be entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.  *Ensley Branch, NAACP v. Siebels,* 31 F.2d at 1582.  *See Jones v. Diamond,* 636 F.2d at 1381-83.

Defendants assert that plaintiff admitted that her federal claim was frivolous, thus entitling them to attorneys' fees under both 42 U.S.C. § 1988 and Rule 11, Fed.R.Civ.P.  Plaintiff contends that the district court did not abuse its discretion by denying defendants attorneys' fees.

Ordinarily, a prevailing plaintiff "is to be awarded attorney's fees in all but special circumstances." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed. 648, 654 (1978) (Title VII).  By contrast, a more stringent standard applies to prevailing defendants who may be awarded attorney's fees only when a court finds that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.,* 434 U.S. at 421, 98 S.Ct. at 700, 54 L.Ed.2d at 657.  This standard applies equally to awards of attorneys' fees sought under 42 U.S.C. § 1988 by prevailing civil rights defendants.  *Hughes v. Rowe,* 449

---

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs.

(Emphasis added).

U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980).

But, the Supreme Court has cautioned that

[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg,* 434 U.S. at 421-22, 98 S.Ct. at 700, 54 L.Ed.2d at 657.

In *Sullivan v. School Bd.,* 773 F.2d 1182, 1188-90 (11th Cir.1985), this Court stated that frivolity determinations are not subject to immutable rules but rather must be made on a case-by-case basis. In reviewing the cases, the Court explained that findings of frivolity have been sustained when either a motion for summary judgment or a motion for involuntary dismissal, Fed.R.Civ.P. 41(b), has been granted in instances where plaintiffs did not introduce *any* evidence to support their claim. *Sullivan,* 773 F.2d at 1189 (citations omitted) (emphasis added). *See EEOC v. Reichhold Chems., Inc.,* 988 F.2d 1564, 1568-69 (11th Cir.1993). Where plaintiffs introduced evidence sufficient to support their claim, findings of frivolity generally do not stand. *Sullivan,* 773 F.2d at 1189. In addition, courts consider several other factors in determining whether a claim is frivolous: 1) did plaintiff establish a prima facie case; 2) whether defendant offered to settle; and 3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Id.*

In the case *sub judice,* plaintiff did not survive summary

judgment on her federal constitutional claims. The district court determined that plaintiff, in accordance with long and firmly settled Georgia state law, was an at-will employee and, thus, had no cognizable federal constitutional right to due process or a claim for a taking. Although the district court did not specifically determine that plaintiff failed to establish a prima facie case for her federal constitutional claims, this concept was the necessary import of the district court's order.

There is no evidence of record to suggest that defendants offered to settle this case. On the contrary, shortly after removal of this case to federal court, plaintiff offered to amend the complaint to eliminate her federal claim and obtain a remand to state court. Plaintiff, however, never offered voluntarily to dismiss her federal claims with prejudice. There thus would have remained a possibility of refiling in the federal court as well as full litigation of the same issues as applied to the Georgia constitutional claims, a possibility not even obviated by the district court's ruling. In obtaining summary judgment, defendants thus obtained more than the voluntary dismissal without prejudice offered by plaintiff.

Defendants successfully defeated plaintiff's federal constitutional claims on the merits. Merely because plaintiff did not ultimately prevail on her federal claims does not determine that her claims were groundless. But the assertion of a constitutional claim based knowingly on a nonexistent property interest was legally groundless. Accordingly, we find that plaintiff's federal due process claims were legally frivolous as a

matter of law, *Sullivan,* 773 F.2d at 1189, and defendants are entitled to attorneys' fees in accordance with 42 U.S.C. § 1988, unless the district court points out special circumstances that justify making no award of fees.

Although appellants contend that they are also entitled to attorneys' fees under Rule 11 of the Federal Rules of Civil Procedure, we do not find it necessary to reach that issue.

Thus, we remand this case to the district court for a determination of the attorneys' fees to which defendants are entitled, confident that court will be able properly to weigh and assess the amount of attorneys' fees realistically attributable solely and exclusively to the plaintiff's federal due process claims and not to the defendants' attempt to litigate state law claims in federal court.  If there are special circumstances that justify an award of no costs or no fees the district court must make these circumstances clear in its order.

The district court's order denying attorneys' fees and costs is therefore REVERSED.  This case is REMANDED to the district court for further proceedings in accordance with this opinion.[5]

REVERSED and REMANDED.

---

[5]The award of fees and costs involves judicial discretion. Thus, a remand is appropriate. *See Macklin v. Singletary,* 24 F.3d 1307, 1311–12 (11th Cir.1994).