**James Gayfrey STANFORD, Plaintiff,**

v.

**BURLINGTON MOTOR CARRIERS, et al., Defendants.**

No. Civ.A. 97–D–1099–E.

United States District Court,
M.D. Alabama,
Eastern Division.

June 11, 1999.

Jere L. Beasley, Julia Ann Beasley, J. Greg Allen, Bobby N. Bright, Montgomery, AL, for Plaintiff.

H.E. Nix, Jr., Steven A. Higgins, Montgomery, AL, William A. Mudd, Sia M. Kantargis, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Defendants' Objection to Bill of Costs Submitted by Plaintiff ("Objections"), filed on May 25, 1999. Plaintiff filed a Response on June 3, 1999. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Defendants' Objections are due to be sustained and said Bill of Costs is due to be stricken.

### DISCUSSION

Plaintiff filed the instant action on July 16, 1997, alleging that Defendants, due to their negligence and/or wantonness, wrongfully caused the death of Plaintiff's decedent. Plaintiff's decedent was killed when his vehicle collided with Defendant Burlington Motor Carriers, Inc.'s ("Defendant Burlington") 18-wheeler truck and trailer. Plaintiff alleged that Defendant

Burlington's negligence combined and concurred with the negligence of Defendant Hargett Forest Products, whose 18–wheeler truck was stopped at the intersection where the accident occurred, thereby blocking the view of the Burlington driver.

The trial commenced on April 5, 1999. On April 7, 1999, the jury returned a verdict in favor of Plaintiff and against both Defendants in the amount of $500,000. Thereafter, on April 9, 1999, the court entered the jury verdict as the final judgment in the case and assessed costs against Defendants. Plaintiff filed his Bill of Costs with the Clerk of Court on May 18, 1999. On the same day, the Clerk assessed costs in the amount of $14,062.93 against Defendants.

Defendants argue that "Plaintiffs [sic] have waived their claim for costs in this matter based on the untimely filing of their Bill of Costs." (Objection at 1.) Specifically, Defendants argue that more than thirty days elapsed from the entry of final judgment to the filing of Plaintiff's Bill of Costs and, accordingly, said Bill of Costs is untimely under M.D.Ala.R. 54.1. In response, Plaintiff states that he "was unaware of the local rule which requires the Bill of Costs to be filed within 30 days of the judgment. Plaintiff requests the Court to make an exception in this case and to deny Defendants' Objection to Bill of Costs." (Resp. at 1.)

Under Fed.R.Civ.P. 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Eleventh Circuit has held that "where the trial court denies the prevailing party its costs, the court must give a reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995) (quoting *Gilchrist v. Bolger,* 733 F.2d 1551, 1557 (11th Cir. 1984)).

On September 24, 1997, the United States District Court for the Middle District of Alabama promulgated a set of local rules pursuant to its inherent authority under Rule 81 of the Federal Rules of Civil Procedure. Local Rule 54.1(a) provides for the recovery of taxable costs other than attorneys' fees and states, in pertinent part:

> (a) *Costs.* Requests for taxation of costs (other than attorneys' fees) under Fed.R.Civ.P. 54(d) shall be filed with the Clerk within 30 days after entry of final judgment from which an appeal may be taken. *Failure to file within this time period will be deemed a waiver.*

M.D.Ala.R. 54.1 (emphasis added).

██ Because Judgment was entered on April 9, 1999, but Plaintiff delayed filing his Bill of Costs until May 18, 1999, Plaintiff's Bill of Costs was untimely filed under the local rules. Although the court regrets Plaintiff's failure to file within the requisite thirty-day time period, Plaintiff has failed to offer any reason or extraordinary circumstance to permit the court to overlook his untimeliness. As a member of the bar of the Middle District of Alabama, all attorneys are charged with knowledge of the local rules. *See* M.D.Ala.R. 1(a)(4). Thus, Plaintiff's excuse of unfamiliarity with said rules is an insufficient reason for which the court could excuse his noncompliance. Accordingly, the court finds that Defendants' Objection is due to be sustained for Plaintiff's failure to comport with the M.D.Ala.R. 54.1.

Additionally, the court is mindful of its Memorandum Opinion and Order entered on April 1, 1999, wherein the court excluded Defendants' supplemental expert opinions because they were untimely disclosed pursuant to Fed.R.Civ.P. 26(e)(1). The court concluded that because "Defendant Burlington has failed to present the court with good cause for the delay, the court finds that Dr. Talbot's supplemental opinions are due to be excluded as untimely." (April 1, 1999 Mem.Op. & Order at 4.) Just as the court excluded Defendants' untime-

ly disclosure, the court must also exclude Plaintiff's untimely disclosure of costs.

### ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Defendants' Objections be and the same are hereby SUSTAINED and Plaintiff's Bill of Costs be and the same is hereby STRICKEN.