**SUMMIT TECHNOLOGY, INC.,**
Plaintiff–Appellant,

v.

**NIDEK CO., LTD., Nidek, Inc., and Nidek Technologies, Inc., Defendants–Cross Appellants.**

Nos. 04–1494, 04–1533.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 9, 2004.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

ON MOTION

PAULINE NEWMAN, Circuit Judge.

*ORDER*

Summit Technology, Inc. moves to vacate the order of the United States District Court for the District of Massachusetts in *Summit Technology, Inc. v. Nidek Co.*, No. 98–12611 (D.Mass. June 16, 2004) and to remand to the district court for further proceedings. Nidek Co., Ltd. et al. (Nidek) oppose. Summit replies.

Summit previously appealed the district court's entry of judgment as a matter of law in favor of Nidek, and this court affirmed. *Summit Technology, Inc. v. Nidek Co.*, 363 F.3d 1219 (Fed.Cir.2004). The district court order currently on appeal concerns costs. Nidek filed an amended bill of costs in the district court seeking an award of $452,441.57 and Summit filed a motion for disallowance requesting that Nidek's costs be limited to $16,333.98. On June 16, 2004, the district court issued an order stating in its entirety "Plaintiff's Motion for Disallowance of Defendant's Bill of Costs is granted in part. The defendant is awarded $257,660.13 in costs." The parties filed a joint motion in the district court requesting that the court specify the components of the cost award. The district court denied the motion.

Summit argues that meaningful review of the district court's order cannot occur in light of the lack of specificity or explanation concerning which costs were allowed or disallowed and why. Thus, Summit argues, the court should vacate the order and remand for a specification of findings. In response, Nidek contends that under First Circuit law a district court is not required to give reasons for the reduction of a requested award of costs in every instance.

The First Circuit has stated that "if the basis for denying costs is readily apparent on the face of the record, a trial court need not explain its action merely for explanation's sake. If, however, the situation is less than obvious, the court must offer some statement as to why it denied statutory costs to a prevailing party." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 963 (1st Cir.1993) (footnote omitted). *See also Head v. Medford*, 62 F.3d 351, 354 (11th Cir.1995) (determining that district court abused its discretion when it failed to give reasons for its denial of costs); *Weihaupt v. American Med. Assoc.*, 874 F.2d 419, 430–31 (7th Cir.1989) (vacating and remanding to district court for further proceedings because district court failed to make findings concerning costs). Summit argues that the reasons for the district court's action are not readily apparent, and in light of the standard set forth in *San Juan Dupont Plaza*, it is appropriate to vacate and remand.

We agree with Summit that it is appropriate to vacate and remand to the district court for further proceedings.

Accordingly,

IT IS ORDERED THAT:

(1) Summit's motion to vacate and remand is granted.

(2) Each side shall bear its own costs.