[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 20, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-10077
Non-Argument Calendar

_____

D.C. Docket  No. 04-10033-CV-JLK

BRIAN EVANS,

                                        Plaintiff-Appellant,

                    versus

MONROE COUNTY SHERIFF'S DEPARTMENT,
MARK KOHL, State Attorney,
RICHARD ROTH,
DOES 1-100,
MONROE COUNTY, FLORIDA.

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 20, 2005)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Brian Evans appeals pro se the district court's award of attorneys fees to Defendants under 42 U.S.C. § 1988. No reversible error has been shown; we affirm.

Plaintiff, a resident of Las Vegas, Nevada, who previously lived in Key West, Florida, filed a civil complaint under 42 U.S.C. § 1983 for harassment, malicious prosecution, intentional infliction of emotional distress ("IIED") and malicious abuse of process against the Monroe County Sheriff's Department, Monroe County, and Sheriff Richard Roth (collectively "Defendants").[1] Plaintiff claims that the Sheriff's Department, without investigation, issued a warrant for his arrest based on his former manager's accusation that he "stole a boat" from her. When Plaintiff learned of this from a friend, Plaintiff contacted the Sheriff's Department and claims he was advised to turn himself in to the Las Vegas police department. Plaintiff sent Defendants proof that he had purchased the boat, and the arrest warrant was withdrawn within an hour.

---

[1] Plaintiff initially indicated that federal jurisdiction rested on diversity of citizenship under 28 U.S.C. § 1332, and the Complaint was silent about whether the causes of action were rooted in state or federal law. Plaintiff however clarified in his response to Defendants' motions to dismiss that he intended to bring claims under § 1983. The district court analyzed his claims as under § 1983.

A Key West newspaper ran an article about the arrest warrant's issuance and recision. Plaintiff says he is a best-selling jazz artist, and the newspaper article irreparably damaged his reputation. Plaintiff also claims the warrant was issued in retaliation for Plaintiff's earlier filing of another lawsuit against the same Defendants.

Defendants each filed motions to dismiss Plaintiff's complaint. On 4 June 2004, the district court set a hearing on the motions to dismiss for 14 June. On 10 June, Evans filed a motion for a forty-five day continuance, explaining that he had just learned about the hearing date on 8 July and could not coordinate a trip to Florida on such short notice. The district court denied the continuance. The hearing went forward and Plaintiff failed to appear; he instead faxed the court a Notice of Voluntary Dismissal on or around 12 June. The district court dismissed all claims against Defendants without prejudice and retained jurisdiction to determine fees, costs, and expenses incurred by Defendants.

Defendants moved for attorneys' fees under 42 U.S.C. § 1988, which permits a prevailing defendant to recover attorneys' fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Baker v. Alderman, 158 F.3d 516, 524-25 (11th Cir. 1998) (quoting Christianburg Garment Co. v. EEOC, 98 S.Ct. 694, 700 (1978)). A

frivolous suit is one in which the case is "so lacking in arguable merit as to be groundless or without foundation[.]"  Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985).  Sullivan emphasized that no "hard and fast" rules exist for frivolity determinations, but identified general guidelines to aid such an inquiry: 1) whether the plaintiff established a prima facie case; 2) whether the defendant offered to settle; and 3) whether the trial court dismissed the case before trial or held a trial on the merits.  Id.

A Magistrate judge issued a report and recommendation, finding that Defendants were the prevailing party and that Plaintiff's lawsuit was frivolous.  In making the frivolity determination, the report said that, because Defendants never offered to settle the case, the only Sullivan factor applicable was whether Plaintiff established a prima facie case.  Examining that factor, the report first found that the malicious prosecution claim was meritless because Plaintiff was never arrested.  Next, it determined that Plaintiff did not state claims against any of the Defendants.  Plaintiff failed to allege that Sheriff Roth, acting in his official capacity, violated Plaintiff's Constitutional rights or that any of the alleged Constitutional violations were related to a custom, policy or practice of the Sheriff's Department or Monroe County.  In addition, the Sheriff's Department was not a legal entity subject to suit.  Furthermore, although construing Plaintiff's

complaint liberally because he was pro se, the Magistrate found Plaintiff would not have been able to prove facts to support his claim. After reviewing the record, the district court adopted this recommendation and awarded attorneys' fees to Defendants.

We review the district court's decision to award attorneys' fees for an abuse of discretion. Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995).

Plaintiff does not directly challenge the district court's frivolity finding. He argues that the district court should not have looked to the Sullivan factors because his case was at such an early stage of litigation. Plaintiff's brief may also be construed to argue that the district court inappropriately applied the Sullivan factors as a "hard and fast" rule rather than examining the particulars of Plaintiff's case.

The district court properly looked to Circuit law, Sullivan, in deciding Plaintiff's case. It did not apply Sullivan as a "hard and fast" rule, but instead determined the first factor was applicable to this case, used that for guidance in examining Plaintiff's allegations, and determined the suit was groundless. Therefore, the district court did not abuse its discretion in the award of attorneys' fees to Defendants.

AFFIRMED.