[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2006
THOMAS K. KAHN
CLERK

------------------------------------------
No. 06-10640
Non-Argument Calendar
------------------------------------------

D.C. Docket No. 04-23160-CV-WMH

RUSLAN I. CAMACHO,

Plaintiff-Appellant,

versus

VERTICAL REALITY INC.,

Defendant-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------------------------

**(December 19, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Ruslan I. Camacho appeals the district court's failure to

(i) award liquidated damages, (ii) explain the award of $500 in attorney's fees

when considerably more was requested, and (iii) award costs in his suit against his

former employer, Defendant-Appellee Vertical Realty, Inc., for failure to pay overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. No reversible error has been shown except, as more fully explained below, we remand to the district court to award costs in an appropriate amount or to explain its decision to award no costs.

Plaintiff was awarded $2,511 in unpaid overtime after that amount of damages was offered by Defendant and accepted by Plaintiff. At the conclusion of the damages hearing, the district court announced that the judgment for Plaintiff would be $2,511; the court reserved for later decision an award of attorney's fees. Both parties expressly disclaimed that anything further needed to be addressed.

Although before the district court Plaintiff agreed on a total damage judgment of $2,511, he now contends that liquidated damages were due to be awarded. Plaintiff notes correctly that FLSA provides that an employer who violates FLSA's overtime provisions is liable for the unpaid overtime and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Whatever right Plaintiff may have had to liquidated damages -- an issue we do not determine -- was subsumed by Plaintiff's acceptance of Defendant's proffer of $2,511 as the total damage judgment and by Plaintiff's acknowledgment before the district court that no other damage issue was outstanding.

We review the district court's award of attorney's fees for an abuse of discretion. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985) ("The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the trial judge and will not be set aside absent a clear abuse of discretion."). At the damage hearing, Defendant presented evidence that Plaintiff submitted knowingly false affidavits to inflate his damages; Defendant maintains these acts of Plaintiff, together with Defendant's offer of payment shortly after receipt of the complaint, show "special circumstances" that impact on the award of attorney's fees in this case. In the light of the testimony at the damage hearing, we can not say the district court committed a clear abuse of discretion when it awarded Plaintiff less than the requested amount of attorney's fees.

The final judgment included no award to Plaintiff for costs. Section 216(b) of FLSA provides that in addition to the judgment awarded a plaintiff, the court shall allow costs of the action. 29 U.S.C. § 216(b). And, even absent FLSA's express provision for costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Our precedent allows the district court discretion to deny a prevailing party costs, see

3

<u>Head v. Medford</u>, 62 F.3d 351, 354 (11th Cir. 1995); but a denial of costs to a prevailing party must be accompanied by a reason for the denial sufficient to allow appellate review of the discretion exercised.  <u>Id</u>.  The judgment included no costs award, and the district court made no comment whatsoever about costs; this aspect of the judgment allows no meaningful review.  We vacate the award of no costs and remand to the district court for the limited purpose of awarding costs in an appropriate amount or explaining its decision to award no costs.

AFFIRMED in part; VACATED in part and REMANDED.