Anne WHEATLEY, Plaintiff,

v.

MOE'S SOUTHWEST GRILL, LLC; Mama Fu's Noodle House, Inc.; Raving Brands Holding, Inc.; H. Martin Sprock, III; and Jane Doe and John Doe, Defendants.

Civil Action No. 1:05–cv–2174–TCB.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 29, 2008.

Guy H. Weiss, Jonathan Riley Granade, Robert Edward Casey, Jr., Casey Gilson Leibel, Atlanta, GA, for Plaintiff.

David Roland Hughes, Davis, Pickren, & Seydel, Atlanta, GA, for Defendants.

### ORDER

TIMOTHY C. BATTEN, SR., District Judge.

## I. *Background*

On August 22, 2005, Plaintiff Anne Wheatley filed this action against Defendants Moe's Southwest Grill, LLC; Mama Fu's Noodle House, Inc.; Raving Brands Holding, Inc.; and H. Martin Sprock, III, asserting several causes of action premised upon her allegation that pursuant to an oral agreement she was the owner of unrestricted shares of stock in Moe's and Mama Fu's. Defendants denied liability and asserted a counterclaim containing several causes of action against Plaintiff.

On January 12, 2007, Defendants filed a motion for summary judgment on the claims in Plaintiff's complaint. On August 27, 2007, the Court entered an order granting Defendants' motion, holding that Plaintiff did not have an enforceable contract for unrestricted shares and that as a result all of her claims failed as a matter of law.

In addition, the Order addressed two motions for sanctions that Plaintiff had filed concerning Defendants' failure to properly respond to her discovery requests. The Court denied Plaintiff's first motion. However, the Court granted the second motion, and as a sanction for Defendants' bad faith failure to comply with the Court's orders regarding discovery, the Court struck Defendants' counterclaim, thereby dismissing with prejudice all of their claims against Plaintiff.

On September 4, 2007, Defendants filed a bill of costs in the amount of $10,343.36, representing $6649.61 for expenses related to the taking of depositions and $3693.75 for exemplification and copies of papers necessarily obtained for use in the case [141]. The next day the Clerk taxed against Plaintiff the full amount requested by Defendants [142].

Within the five-day period prescribed by Fed.R.Civ.P. 54(d), on September 12 Plaintiff filed a motion for the Court to review the Clerk's assessment of costs to Defendants [144]. Plaintiff did not oppose the $6649.41 for deposition expenses, but she contended that the $3693.75 for photocopies had not been adequately substantiated.[1] Two days later, on September 14, Plaintiff filed a motion for leave to file a supplemental brief in support of her objection to the bill of costs [145]. The supplemental brief opposed Defendants' *entire* bill of costs, based on a ground not raised in Plaintiff's original objection: that Defendants were not the prevailing party and thus were not entitled to costs.

On September 18, 2007, Plaintiff filed a notice of appeal to the Eleventh Circuit regarding this Court's August 27, 2007 order. Defendants cross-appealed the portion of the order striking their counterclaim. As a result, this Court reserved ruling on Plaintiff's objection to Defendants' bill of costs until a final disposition was reached by the Eleventh Circuit.

On July 18, 2008, the Eleventh Circuit affirmed this Court's order. *Wheatley v. Moe's Southwest Grill, LLC,* 285 Fed. Appx. 660 (11th Cir.2008). A certified copy of the Eleventh Circuit's opinion was filed in this Court on September 12, 2008. The Court will now rule on Plaintiff's objections to Defendants' bill of costs.

---

**1.** In their September 26, 2007 brief in opposition to Plaintiff's motion, Defendants conceded that they could not substantiate the $3693.75 for photocopies and asked that the Court instead include that sum within the amount to be awarded on Defendants' separate motion for attorney's fees and expenses of litigation pursuant to O.C.G.A. § 9–11–68.

## II. Discussion

### A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." The rule goes on to provide that if the clerk assesses costs against the non-prevailing party, the non-prevailing party has five days to move the Court to review the clerk's assessment of costs.

The Eleventh Circuit has recognized that although Fed.R.Civ.P. 54(d) expresses a presumption in favor of awarding costs to the prevailing party, the language of the rule does not prevent a court from denying costs to a prevailing party. *See Gilchrist v. Bolger*, 733 F.2d 1551, 1556–57 (11th Cir.1984). Because the Eleventh Circuit views the denial of costs as a penalty assessed against the prevailing party, it is incumbent upon the losing party to overcome the presumption that costs should be awarded to the prevailing party. *See id.* Further, where a trial court does require a prevailing party to bear its own costs, "the court must give reason for its denial of costs so that the appellate court may have some basis upon which to determine if the trial court acted within its discretionary power." *Id.* at 1557.

### B. Analysis

Defendants filed their bill of costs on September 4, 2007, and the Clerk taxed the requested costs on September 5, 2007. Under Fed.R.Civ.P. 54(d)(1), Plaintiff had five days—until September 12—within which to file a motion objecting to the assessment of costs.[2]

Plaintiff timely filed her motion on September 12, 2007. In the brief in support thereof, she did not dispute the request for $6649.61 in deposition costs, but did contest whether Defendants had provided the Court with information sufficient to support the request for the remaining $3693.75 for photocopies. However, two days later, on September 14, 2007—which was two days after the five-day time period expired—Plaintiff filed a motion for leave to file a supplemental brief in support of her objection to Defendants' bill of costs. Defendants oppose Plaintiff's supplemental brief (and her motion for leave to file it) because it was untimely.

Because (1) Plaintiff's original motion objecting to the Clerk's award of costs was timely, (2) Plaintiff's motion for leave was filed just two days after the deadline for her to object to the award of costs, and (3) Defendants were not prejudiced by the supplemental filing, the Court will grant Plaintiff's motion for leave [145] and thus will consider the arguments set forth in her supplemental brief.

Plaintiff's primary argument is that a court has broad discretion in determining whether to award costs to a prevailing party. Plaintiff also points to a series of cases from other circuits in which courts have denied costs to a defendant who prevailed on the claim(s) in the complaint but failed to prevail on the claim(s) in the counterclaim. *See Kropp v. Ziebarth*, 601 F.2d 1348, 1358 n. 27 (8th Cir.1979) ("[W]hen a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties."); *Srybnik v. Epstein*, 230 F.2d 683, 686 (2d Cir.1956) ("In a case such as this where the defendant counter-claims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties, as was done in *Magee v. McNany*, [11 F.R.D. 592 (W.D.Pa.1951) ]"); *City of*

---

**2.** Because the period of time (five days) is less than eleven days, intervening weekends are not counted in computing the deadline. *See* Fed.R.Civ.P. 6.

*Rome, Italy v. Glanton,* 184 F.R.D. 547, 552 (E.D.Pa.1999) ("While, in most cases, the fact that the plaintiffs lost all counts in their complaint would be dispositive, the weighty, complex, and unrelated nature of the counterclaims justify a more balanced result.").

Defendants counter that under Eleventh Circuit precedent, a defendant should be considered the prevailing party when it succeeds on a motion for summary judgment on the claim(s) in the complaint. *See Head v. Medford,* 62 F.3d 351, 354–55 (11th Cir.1995). Defendants argue that case law from this circuit establishes that dismissal of a defendant's counterclaim does not change the status of a defendant as a prevailing party. *See Terry Props., Inc. v. Std. Oil Co. (Ind.),* 799 F.2d 1523, 1540 (11th Cir.1986).

After thorough consideration of both parties' arguments, the Court concludes that Defendants should not be awarded costs, for two reasons. First, Defendants cannot be said to have "prevailed" as a result of the August 27, 2007 order. Second, an award of costs to Defendants would be unjust under the circumstances of this case in light of the numerous discovery violations committed by Defendants.

With regard to the first issue of what it takes to be considered a prevailing party, the cases cited by Plaintiff from outside of this circuit are instructive because they reaffirm the principle that a district court has wide discretion under Fed.R.Civ.P. 54(d) to determine how to best allocate costs, especially in circumstances in which both parties have partially prevailed and partially failed on their claims. Moreover, the Eleventh Circuit cases upon which Defendants rely are distinguishable from the present case.

In *Head v. Medford,* cited by Defendants, the Eleventh Circuit found that the defendants were the prevailing party be-cause the district court had ruled in their favor by granting their motion for summary judgment on the plaintiffs federal law claim. The district court also declined to exercise supplemental jurisdiction over the plaintiffs state law claim, a result that the defendants contested. The Eleventh Circuit found that district court's refusal to exercise supplemental jurisdiction did "not impair the fact that, as far as the federal case was concerned, defendants prevailed." 62 F.3d at 355.

*Head* is inapposite because the defendant in that case prevailed on all of the claims upon which the court actually ruled. By contrast, Defendants in this case prevailed only upon the claims in the complaint, as they lost on all of the claims in their counterclaim, which was comprised of four claims for affirmative relief.

In *Terry Properties, Inc. v. Standard Oil,* also cited by Defendants, the Eleventh Circuit affirmed the district court's decision to tax costs against the plaintiffs even though the defendants had not prevailed on their counterclaim (although they had prevailed on the claims in the complaint). The district court concluded that the plaintiffs should bear the costs of the counterclaim because the counterclaim represented a "reasonable effort to forestall the [plaintiffs'] continued harassment of the [defendants]." 799 F.2d at 1540. The Eleventh Circuit could not conclude that the district court's decision was an abuse of discretion and therefore affirmed the taxation of costs against the plaintiffs. Even though the defendants did not prevail on their counterclaim, the Eleventh Circuit allowed them to recoup their costs because the plaintiffs had harassed them throughout the litigation. By contrast, there is no suggestion or evidence that Plaintiff harassed Defendants in this lawsuit. Indeed, if *Terry Properties* supports any proposition, it is that this Court has

wide discretion in determining whether to tax costs against either party.

Contrary to Defendants' arguments, neither *Head* nor *Terry Properties* holds that whenever a defendant prevails on the claim(s) in the complaint, the defendant is entitled to costs even if the defendant loses on the claim(s) in the counterclaim.

Exercising the broad discretion that the Court enjoys with respect to the taxation of costs, the Court finds that Defendants were not the "prevailing party" as a result of the August 27, 2007 order and therefore are not entitled to costs under Fed. R.Civ.P. 54(d)(1). In reaching this conclusion, it is significant to the Court that Defendants' counterclaim asserted several claims for affirmative relief, all of which were dismissed, with Defendants recovering nothing.

The second reason the Court declines to award costs to Defendants is that such an award would be unjust under the circumstances of this case.

In its August 27, 2007 order, the Court outlined continuing bad faith discovery violations by Defendants and, as a sanction for their misbehavior, dismissed the counterclaim with prejudice. Dismissal with prejudice is the most severe sanction under Fed.R.Civ.P. 37. Nevertheless, in light of Defendants' bad faith failure to comply with the Court's order to provide Plaintiff with information regarding the value of her stock, such a sanction was warranted.

Defendants' conduct was particularly egregious in this case. On May 4, 2006, the Court entered an order granting Plaintiffs motion to compel discovery and awarded attorney's fees and expenses in the amount of $23,988.69 in connection therewith. At the hearing on this motion, the Court noted that Defendants had "utterly failed to respond in good faith" and ordered Defendants to produce "any documents that they have valuing Plaintiff's stock."

After such an order, the Court expected that the offending conduct would immediately cease. That did not happen. As detailed in Plaintiff's June 21, 2007 second motion for sanctions and the Court's August 27, 2007 order, Defendants failed to produce relevant information pertaining to their knowledge of valuations of Moe's stock, in direct contravention of the Court's May 4, 2006 order. The Eleventh Circuit affirmed this ruling.

Because of Defendants' numerous discovery violations, it would be highly improper to award costs to them. Obviously, at least a portion of the costs Defendants seek related to and resulted from the four causes of action in the counterclaim. Having struck the counterclaim, it would be inappropriate to award costs to Defendants. None of the cases relied upon by Defendants, including *Terry Properties* and *Head* involved this type of bad faith conduct.

## III. *Conclusion*

For the foregoing reasons, the Court rejects Defendants' request for costs. The Court GRANTS Plaintiffs motion to supplement [145]. The CLERK is DIRECTED to VACATE the assessment of costs in docket entry 142.