[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11343
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-22362-ASG


RALSTON HAUGHTON,

Plaintiff - Appellant,

MARSTON RECORDING CORPORATION,

Plaintiff,

versus


SUNTRUST BANK, INC.,
a Georgia corporation, authorized to transact business in Florida,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 23, 2010)

Before TJOFLAT, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Ralston Haughton, proceeding pro se, appeals the district court's order granting Defendant SunTrust Bank Inc.'s motion to tax costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. No reversible error has been shown; we dismiss in part and affirm in part.

Haughton filed a complaint against Defendant alleging that Defendant discriminated against him based on his race in failing to process and provide him with a small business administration loan for his business, Marston Recording Company ("MRC"), in violation of 42 U.S.C. § 1981. He also raised claims of intentional infliction of emotional distress and civil conspiracy. The district court granted Defendant's motion for summary judgment on all counts.

In post-judgment collateral proceedings, Defendant filed a verified motion for an award of costs. The district court concluded that Defendant was the prevailing party because it had been granted summary judgment on all counts in Haughton's complaint. The court also concluded that Haughton demonstrated no adequate justification to preclude an award of costs to Defendant and granted

2

Defendant's motion. The court allowed Defendant to recover the fee for service of a subpoena and the costs of each of the depositions relied on in its summary judgment motion for a total award of $3571.90.

On appeal, Haughton chiefly challenges the district court's summary judgment order. But we have no appellate jurisdiction over this order because Haughton's notice of appeal was timely only on the order granting Defendant's motion for costs. See Fed.R.App.P. 4(a)(1)(A). Haughton's argument that the summary judgment order properly is before us because we never addressed his present challenges is meritless. Haughton earlier filed a notice of appeal of the summary judgment order, but we dismissed the appeal for lack of jurisdiction. Without jurisdiction, we cannot address Haughton's substantive challenges to the summary judgment order. So we dismiss the appeal to the extent Haughton seeks to challenge the underlying summary judgment ruling.[1]

Haughton also argues that he should not be required to pay costs because Defendant violated his constitutional rights. We review "a district court's decision about whether to award costs to the prevailing party for abuse of discretion." Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). We review the factual

---

[1]We also dismiss the appeal to the extent Haughton includes MRC as a plaintiff. The district court dismissed MRC from the lawsuit because it was an unrepresented party; only Haughton signed the instant notice of appeal.

findings underlying a district court's determination about prevailing party status for clear error.  Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995).

The district court determined correctly that Defendant, in whose favor the court had granted summary judgment, was the prevailing party in Haughton's suit. "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." Id. (quotation and citation omitted) (concluding that Defendants were prevailing parties where the district court granted Defendants' motion for summary judgment on Plaintiff's federal claims).  Haughton's argument to the contrary rests on the incorrect notion that the district court (which issued a judgment disposing of all counts in Defendant's favor) did not rule on his discrimination and retaliation claims.  But the court did rule on these claims, concluding that Haughton lacked standing to bring a section 1981 claim because he had no rights under the contract at issue.

And the district court abused no discretion in concluding that Defendant, as the prevailing party, was entitled to an award of litigation costs.  See Fed.R.Civ.P. 54(d)(1) (explaining that litigation costs should be awarded to the prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise"); Mathews, 480 F.3d at 1276 (Rule 54(d) establishes "a strong presumption that the prevailing party will be awarded costs" not to exceed those permitted by section

1920).  A court may tax as costs fees for transcripts "necessarily obtained for use in the case" and fees for witnesses; so the court's award of costs for the subpoena fee and depositions Defendant relied on for the summary judgment motion was proper.  See 28 U.S.C. § 1920(2), (3).[2]

The court considered Haugton's financial circumstances but concluded that Haughton failed to provide an adequate justification for not awarding costs to Defendant.  See Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc) (concluding that a district court "may, but need not" consider the non-prevailing party's financial status in its award of costs pursuant to Rule 54(d)(1)).  Haughton's unsupported argument that the section 1981 violations alleged against Defendant afford him the right not to pay costs is meritless; and we affirm the district court's award of costs.

DISMISSED IN PART AND AFFIRMED IN PART.

---

[2]Haughton did not object that the costs requested were inappropriate under Rule 54(d)(1) or section 1920; and on appeal, he does not dispute the court's factual determinations about the amount of costs.