Jorge **SALGADO** and Barbara **Alfaro,** individually and as Co–Personal Representatives of the Estate of George Salgado, deceased, Plaintiffs,

v.

**CITY OF WEST MIAMI,** a Florida Municipal Corporation, Myrna Lopez, and Raul Baron, Defendants.

Case No. 12–24458–cv.

United States District Court, S.D. Florida, Miami Division.

Signed June 22, 2015.

---

Keith Adam Pierro, David H. Gold, Gold & Gold, P.A., Boca Raton, FL, for Plaintiffs.

Lourdes Espino Wydler, Oscar Edmund Marrero, Marrero & Wydler, Coral Gables, FL, for Defendants.

### ORDER ON DEFENDANT MYRNA LOPEZ'S MOTION TO TAX COSTS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant Myrna Lopez's Motion to Tax Costs (DE 145). In this action arising under 42 U.S.C. § 1983, the Court granted summary judgment in favor of Defendant Myrna Lopez as to all claims against her. *See* DE 144, at 7–8, 13. Lopez now moves for an award of $9,728.50 in costs as a "prevailing party" pursuant to Federal Rule of Civil Procedure 54(d). The Eleventh Circuit has defined "prevailing party" under Rule 54(d) as follows:

[a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra*, § 2667, p. 129–130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995) (alterations in original) (quoting *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir.1978)).

Lopez easily meets these criteria, considering that she obtained complete relief, prevailing on all claims against her.

*See MKT Reps S.A. De C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 10–22963, 2013 WL 1289261, *2 (S.D.Fla. Mar. 28, 2013) (prevailing party under Rule 54(d) "means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded"). The Court therefore concludes that she "should" receive an award of costs. *See* Fed.R.Civ.P. 54(d)(1).

 Plaintiffs oppose Lopez's motion on the grounds that the same law firm represented both her and Defendant Raul Baron, the latter of whom was denied summary judgment (Baron has since settled on interlocutory appeal). Plaintiffs therefore request that, if the Court were to award costs to Lopez at all, it should reduce those costs by 50% or to the extent they were incurred solely in the defense of Lopez.

The Court rejects this argument. Plaintiffs do not challenge Lopez's assertion that the requested costs were necessarily incurred in her defense. The fact that the costs were *also* incurred in Baron's defense does not alter the analysis. *See Whittier v. City of Sunrise*, No. 07–60476–CIV, 2008 WL 5765868, at *2 (S.D.Fla. Dec. 3, 2008) (rejecting a similar argument), *report and recommendation adopted*, No. 07–60476–CIV, 2009 WL 799432 (S.D.Fla. Mar. 24, 2009).

Plaintiffs also do not dispute the itemization or calculation of Lopez's requested costs. This Court has independently reviewed Lopez's Bill of Costs (DE 145–1; DE 145–2) and concludes that the requested costs are correctly calculated and itemized, and are authorized by law. *See* 28 U.S.C §§ 1920, 1921; 28 C.F.R. § 0.114.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendant Myrna Lopez's Motion to Tax Costs (**DE 145**) be, and the same is, hereby **GRANTED.** Lopez is hereby awarded the total sum of **$9,728.50** in costs, together with any applicable interest. The award shall be reflected in a Final Judgment issued contemporaneously with this Order.