JORDAN, Circuit Judge,
concurring in part and dissenting in part:
I concur with the majority’s conclusion that the general counsel was not the School Board’s final policymaker, so there *850 can be no municipal liability for the alleged retaliation. I believe, however, that the district court abused its discretion in awarding fees under 42 U.S.C. § 1988 because Mr. Hutchins’ and Mr. McIntosh’s First Amendment retaliation claims were not “groundless or without foundation.” Christiansburg Garment Co. v. Equal Employment Opportunity Comm’n, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).
The district court awarded fees because Mr. Hutchins and Mr. McIntosh could not identify a retaliatory act against them specifically. That presupposes that the alleged retaliatory acts against Southern Atlantic, which the district court agreed were actually retaliatory, see D.E. 163 at 8, could not have also served as the retaliatory acts for Mr, Hutchins’ and Mr. McIntosh’s claims. Yet as far as I can tell, neither the School Board nor the district court pointed to any binding precedent that squarely forecloses a single retaliatory act from supporting two distinct claims arising from the same set of facts.
The only binding authority cited by the School Board is a Former Fifth Circuit ease in which the court concluded that the shareholders of a bank lacked standing to assert civil rights claims in their individual capacities when “only the bank ha[d] allegedly suffered any injury.” Gregory v. Mitchell, 634 F.2d 199, 202 (5th Cir. 1981) (emphasis added). That case does not stand for the proposition that a retaliatory act against a company can never support a First Amendment retaliation claim brought by the company’s principals based on speech allegedly exercised in an individual capacity. And, in any event, that case is distinguishable. Both Mr. Hutchins and Mr. McIntosh presented evidence that they suffered non-economic damages.
To be sure, there are, as the School Board says, cases that have found that non-economic damages are insufficient to confer standing on shareholders on the basis that those damages are not “distinct” from the company’s. See, e.g., Audio Odyssey, Ltd. v. Brenton First Nat. Bank, 245 F.3d 721, 729 (8th Cir. 2001), opinion reinstated, 286 F.3d 498 (8th Cir. 2002). But the cases cited are not binding. And in Audio Odyssey, it was clear that the unlawful conduct was aimed solely at the company. Here, the allegations are that the School Board specifically retaliated against Mr. Hutchins and Mr. McIntosh for their individual-capacity speech by going after their company.
There are also cases from other jurisdictions which gave Mr. Hutchins and Mr. McIntosh at least an arguable basis for asserting their own retaliation claims. For example, in Soranno’s Gasco, Inc. v. Morgan, 874 F.2d 1310 (9th Cir. 1989), an individual plaintiff alleged that municipal officers, in retaliation for his public criticism, suspended bulk use permits belonging to his company. See id. at 1314. The district court had entered summary judgment against him on the ground that, like the bond in this case, the permits were the company’s. See id. at 1314. The Ninth Circuit reversed and explained that, because the individual plaintiff “has a protected interest in commenting on the actions of government officials,” if he “establishes] that the decision to suspend the permits was made because of [his] exercise of constitutionally protected rights, [he has] established a first amendment violation, and [is] entitled to relief under [§ ] 1983.” Id. The Seventh Circuit arrived at a similar conclusion in Rasche v. Village of Beecher, 336 F.3d 588 (7th Cir. 2003), when it declined to “disturb the district court’s determination that [a business owner’s] interest in [the] litigation [was] sufficient to give her standing to [assert, in her individual capacity, a First Amendment retaliation claim stemming from enforcement actions taken against her business].” Id. at 591 n.1. See also White v. Sch. Bd. of Hillsbor *851 ough Cty., 636 F.Supp.2d 1272, 1279 (M.D. Fla. 2007) (refusing to dismiss a First Amendment retaliation claim asserted by the director of a school in her individual capacity for the alleged retaliatory actions of the school board against the school, and rejecting the school board’s argument that the director lacked standing).
In light of these cases suggesting that Mr. Hutchins and Mr. McIntosh alleged a prima facie case of retaliation, and without a clear directive from our Circuit that their legal theory was utterly meritless, I do not think that their claims were frivolous. See, e.g,, Bonner v. Mobile Energy Servs. Co., 246 F.3d 1303, 1305 (11th Cir. 2001) (reversing award of attorneys’ fees in part because the plaintiffs had established a prima facie case of discrimination, even though they lost at summary judgment). That is purposely a “stringent standard,” Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995), because fees against civil rights litigants is a punishment we should seldom apply. See Christiansburg, 434 U.S. at 421-22, 98 S.Ct. 694.