[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11468

Non-Argument Calendar

_____

ROBERTO HUNG CAVALIERI,
individually and on behalf of all others similarly situated,
SERGIO ENRIQUE ISEA,

                                        Plaintiffs-Appellants,

*versus*

AVIOR AIRLINES C.A.,
a Venezuelan company,

                                        Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-22010-FAM

———————————————

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Roberto Cavalieri and Sergio Enrique Isea, the named plaintiffs in a putative federal class action lawsuit against Avior Airlines C.A., a Venezuelan airline ("the Airline"), appeal the district court's post-judgment award of costs to the Airline and its denial of their subsequent motion for reconsideration. Recently, we reversed the district court's dismissal of their second amended complaint in a separate appeal, *see Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 854 (11th Cir. 2022) (per curiam), and lifted a stay we had entered while that appeal was pending. Cavalieri and Isea have not yet filed an initial brief, but they now move for summary reversal of the district court's award of costs to the Airline and for a stay of the briefing schedule, arguing that their position is clearly correct as a matter of law because, in light of the foregoing, the Airline is no longer a "prevailing party" entitled to costs under Rule 54 of the Federal Rules of Civil Procedure. The Airline has not responded to, or opposed, this motion.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review de novo whether a litigant is a "prevailing party" for purposes of the award of costs in a civil action. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (per curiam) (discussing both attorney fees and costs).

Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorney's fees, "should" be awarded to a "prevailing party" unless a "federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) establishes "a strong presumption that the prevailing party will be awarded costs," which "may not exceed" the limitations prescribed by statute. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).

The "prevailing party" usually is defined as a "litigant in whose favor judgment is rendered," even if such favorable judgment only was obtained as to a fraction of the litigant's asserted claims. *Head*, 62 F.3d at 354–55. Importantly, however, the reversal of a favorable judgment qualifying a litigant as a "prevailing

---

[1] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

party" renders that litigant "no longer" a prevailing party for purposes of the award of costs. *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1294 (11th Cir. 2001). Therefore, under those circumstances, an award of costs to one of the litigants must be vacated and remanded for further consideration by the district court. *Id.*

Here, summary reversal is appropriate. Because of our decision in the other appeal by Cavalieri and Isea, and the fact that the district court proceedings remain ongoing on remand, the Airline is no longer a "prevailing party" entitled to recover costs under Rule 54. *See U.S. Steel, LLC*, 261 F.3d at 1294; *Cavalieri*, 25 F.4th at 854. Thus, given the limited scope of Cavalieri and Isea's appeal, their position is clearly correct as a matter of law, no substantial question exists as to the outcome of the case in that respect, and we GRANT their motion for summary reversal of the costs award and DENY as moot their motion to stay the briefing schedule. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Therefore, we vacate the district court's award of costs in favor of the Airline.

**REVERSED and VACATED.**