**BURGER KING CORPORATION,**
Plaintiff–Appellee,

v.

**PILGRIM'S PRIDE CORPORATION,**
Defendant–Appellant.

**PILGRIM'S PRIDE CORPORATION,**
Plaintiff–Appellant,

v.

**BURGER KING CORPORATION,**
Defendant–Appellee.

No. 92–4666.

United States Court of Appeals,
Eleventh Circuit.

March 1, 1994.

Edward F. McHale, Coconut Grove, FL, for appellant.

Alan G. Greer, Diane Wagner Katzen, Miami, FL, Louis T. Pirkey, William G. Barber, Austin, TX, for appellee.

Before HATCHETT and ANDERSON, Circuit Judges, and YOUNG *, Senior District Judge.

HATCHETT, Circuit Judge:

In this trademark case, Pilgrim's Pride Corporation (Pilgrim's Pride) appeals the district court's award of attorney fees pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117(a). Because this court previously affirmed the district court's award of attorney fees, the law of the case binds us, and we affirm the district court.

## FACTS

In 1985, after developing a chicken product to compete with McDonalds' Chicken McNuggets, appellee, Burger King Corporation (Burger King), introduced its product, called "Chicken Tenders", in various test markets. Based on positive public reaction, Burger King began a national marketing campaign of Chicken Tenders in March, 1986, using all major television networks. Because of the success of Chicken Tenders, Burger King could not meet demand.

Prior to Burger King's introduction of its Chicken Tenders Pilgrim's Pride planned to market a product similar to McDonalds' Chicken McNuggets. Due to the public's response to Burger King's Chicken Tenders, Pilgrim's Pride changed its strategy, developing a Chicken Tenders product instead. In doing so, Pilgrim's Pride also changed the

---

* Honorable George C. Young, Senior U.S. District Judge from the Middle District of Florida, sitting by designation.

focus of its advertising, and on April 28, 1986, ordered copies of Burger King's Chicken Tenders television commercials.

By the end of August, 1986, Burger King had invested over $35 million to advertise and promote Chicken Tenders. The same month Pilgrim's Pride made its first retail shipment of its Chicken Tenders. Although labeled "Chicken Breast Tenders," Pilgrim's Pride referred to its product as "Chicken Tenders," in its promotional materials and in its television commercials. At trial, Burger King showed that Pilgrim's Pride's decision to change to tenders was based largely upon Burger King's ongoing advertising campaign, and Pilgrim's Pride's research demonstrating the success of Burger King's Chicken Tenders. Significantly, one of Pilgrim's Pride television commercials, advertising its Chicken Tenders, bore a striking similarity to a Burger King commercial.

After Pilgrim's Pride announced the beginning of a major advertising campaign involving its Chicken Tenders, trademark counsel for Burger King notified Pilgrim's Pride that Burger King maintained trademark rights in the term "Chicken Tenders." Disregarding this notice, Pilgrim's Pride began its national advertising campaign for its Chicken Tenders in 1987.

## PROCEDURAL HISTORY

After Pilgrim's Pride began its advertising campaign, Burger King filed this lawsuit claiming trademark infringement, trademark dilution, and unfair competition. In August, 1988, a jury ruled for Burger King on all issues. See *Burger King Corp. v. Pilgrim's Pride Corp.*, 705 F.Supp. 1522, 1523–24 (S.D.Fla.1988). Adopting the jury's finding that Pilgrim's Pride's use of the terms "Chicken Tenders," and "Chicken Breast Tenders," willfully infringed upon the rights of Burger King, the district court ruled, in its final judgment, that Burger King was entitled to attorney fees. Pilgrim's Pride appealed, and this court affirmed the district court without opinion. See *Burger King v. Pilgrim's Pride*, 894 F.2d 412 (11th Cir.1990) (per curiam). This court also granted Burger King's petition for appellate attorney fees, and remanded the case for a determination

of the amount of attorney fees. Upon remand the district court awarded Burger King a total of $925,481.20 in attorney fees.

## ISSUE

Although the parties raise several issues on appeal, we conclude that one is dispositive: whether this court's prior decision constitutes the law of the case on the issue of attorney fees.

## DISCUSSION

■ In cases brought under section 35 of the Lanham Act, "[t]he court in *exceptional* cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. 1117(a) (emphasis added). While Congress has not further defined "exceptional," the legislative history of the Act suggests that exceptional cases are those where the infringing party acts in a "malicious," "fraudulent," "deliberate," or "willful" manner. H.R.Rep. No. 93–524, 93rd Cong., 1st Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133. Although a case may rise to the level of exceptionality, the decision to grant attorney fees remains within the discretion of the trial court. *See Dieter v. B & H Indus. of S.W. Fla.*, 880 F.2d 322, 329 (11th Cir.1989), *cert. denied*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 332 (1990).

Acting within its discretion under the Lanham Act, the district court in this case awarded Burger King attorney fees in the final judgment, entered December 2, 1988, based upon Pilgrim's Pride's willful infringement. The court stated: "Burger King is awarded its attorney fees in an amount to be determined by the Court after other post-trial matters are completed[.]" Before the court determined the amount of fees, Pilgrim's Pride appealed, and this court affirmed pursuant to Eleventh Circuit Rule 36–1. Following that appeal, this court granted Burger King's petition for appellate attorneys fees.

In this appeal, its second, Pilgrim's Pride contends that the district court's award of attorney's fees was unwarranted because the case is not "exceptional" within the meaning of Section 35 of the Lanham Act, 15 U.S.C.

§ 1117(a), and that the court failed to make factual findings to support the award. Pilgrim's Pride further contends that its use of the term "Chicken Tenders" cannot make this an exceptional case because that term was in the public domain until it was judicially declared a valid trademark.

 These contentions, however, directly conflict with the longstanding doctrine of "law of the case." As we have repeatedly recognized, "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial or on a later appeal." *Westbrook v. Zant,* 743 F.2d 764, 768 (11th Cir.1984) (quoting *Dorsey v. Continental Casualty Co.,* 730 F.2d 675, 678 (11th Cir.1984)). *See also DeLong Equipment Co. v. Washington Mills Elec. Min.,* 990 F.2d 1186, 1196 (11th Cir.), *amended,* 997 F.2d 1340, *cert. denied,* — U.S. —, 114 S.Ct. 604, 126 L.Ed.2d 569 (1993); *United States v. White,* 846 F.2d 678, 684 (11th Cir.), *cert. denied,* 488 U.S. 984, 109 S.Ct. 538, 102 L.Ed.2d 568 (1988). As a judicially created doctrine, law of the case is designed to serve several important goals, including: (1) ensuring an end to litigation; (2) discouraging "panel shopping"; and (3) assuring the obedience of lower courts. *Heathcoat v. Potts,* 905 F.2d 367, 370 (11th Cir.1990); *Piambino v. Bailey,* 757 F.2d 1112, 1120 (11th Cir.1985), *cert. denied,* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986). Although the doctrine does not apply to every possible issue that a party may raise and is limited to those issues previously decided, binding precedent makes clear that the law of the case encompasses all things "*decided by necessary implication* as well as those decided explicitly." *Wheeler v. City of Pleasant Grove,* 746 F.2d 1437, 1440 (11th Cir.1984) (per curiam) (emphasis in original). *See also DeLong,* 990 F.2d at 1196; *Piambino,* 757 F.2d at 1120; *Bracewell v. Nicholson Air Services, Inc.,* 748 F.2d 1499, 1504 (11th Cir.1984).

 Previously this court explicitly held that Burger King was entitled to recover attorney's fees when it granted Burger King's petition for attorney fees on appeal. In reaching that decision, this court decided, through necessary implication, that this case was exceptional within the meaning of Section 35 of the Lanham Act. 15 U.S.C. § 1117(a). This implicit ruling makes exceptionality the law of the case, binding this court in the present appeal. Therefore, the law of the case dictates that Pilgrim's Pride may not challenge the district court's authority to award attorney's fees, only the amount. Because Pilgrim's Pride only challenged the basis for the award, not the amount of the award, we affirm the district court.

AFFIRMED.