**CARDINAL FREIGHT CARRIERS, INC., a Virginia Corporation and Cardinal Logistics, Inc., a Delaware Corporation, Plaintiff,**

v.

**CARDINAL LOGISTICS, INC., a Florida Corporation, Defendant.**

**No. 99–7424–CV–ZLOCH.**

United States District Court, S.D. Florida.

June 8, 2001.

Connis O. Brown, III, Gunster Yoakley & Stewart, Fort Lauderdale, FL, for plaintiffs.

Hyman Hillenbrand, DeOrchis Corsa & Hillenbrand, Miami, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before Defendant's Motion for Attorney's Fees, DE # 70. This matter has been fully briefed and is ripe for disposition. For the reasons stated below the motion will be **DENIED**.

### I. *Background*

Two companies disputed the rights to the name Cardinal Logistics. Plaintiff Cardinal Logistics, Inc. was incorporated in the State of Virginia on January 10, 1980 and in the State of North Carolina on April 28, 1980. (Plaintiff also is licensed in all 50 States due to its motor carrier license.) Defendant was incorporated in the State of Florida on July 10, 1996 and on November 6, 1997 was awarded the authority to operate under the name Cardinal Logistics, Inc. by the Federal Highway Administration as a property broker (license number MC327332). Plaintiff sued Defendant under the Lanham Act, 15 U.S.C. § 1125 et seq. Defendant answered the complaint, filed a number of affirmative defenses, and filed a counterclaim under the Lanham Act. A Jury Trial then was held from January 16, 2001 to January 19, 2001. On January 19, 2001, a Jury Verdict was entered in favor of Defendant and against Plaintiff. Defendant previously requested a permanent injunction from this Court, which was denied on March 14, 2001. Defendant now asks for attorney's fees.

### II. *Discussion*

Under the Lanham Act, this Court has power to award attorney's fees, but

only in exceptional cases. *See* 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). This is a decision that is "within the discretion of the trial court." *Burger King v. Pilgrim's Pride Corp.*, 15 F.3d 166, 167 (11th Cir.1994). The legislative history of the Act suggests that exceptional cases are those in which the infringing party acts in a "malicious," "fraudulent," "deliberate," or "willful" manner. *See id.* (citing H.R.Rep. No. 93–524 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133).

The Eleventh Circuit has interpreted this language to mean that an award of attorney's fees should only be made "on evidence of fraud or bad faith." *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.* 675 F.2d 1160, 1169 (11th Cir.1982); *see also Burger King v. Mason*, 710 F.2d 1480, 1495 n. 11 (11th Cir.1983). The

The Defendant, however, seizing on the language of a Fourth Circuit opinion, argues that bad faith need not be shown. *See* Def.'s Motion for Att'ys Fees, at 3 (citing *Scotch Whisky Assn. v. Majestic Distilling Co.*, 958 F.2d 594 (4th Cir.1992)). In *Scotch Whisky* the Fourth Circuit created a dual standard for attorney's fees depending on which party prevails. Citing a Senate Report the Circuit stated that it "believe[d] that a finding of bad faith on part of the plaintiff is not necessary for a prevailing defendant to prove 'exceptional' circumstances ... [but, that is was clear]

that for a prevailing plaintiff to succeed in a request ... she must show that the defendant acted in bad faith." However, the Defendant fails to note that this dual standard recently has been called into question.[1]

■ Moreover, The Eleventh Circuit, has never had a dual standard. *Compare Safeway*, 675 F.2d at 1169 (evidence of bad faith necessary in order for *Defendant* to meet "exceptional" circumstances) *with Mason*, 710 F.2d at 1495 n. 11 (same evidence of bad faith required for *Plaintiff*). Therefore, because (1) the Eleventh Circuit is fairly clear on the necessity of bad faith and (2) the Fourth Circuit itself has questioned their own decision, Defendant's interpretation is incorrect. Bad faith or fraud is necessary for a case to be "exceptional".

Defendant also argues, regardless of the *Scotch Whiskey* case, that it can demonstrate bad faith. Defendant's main argument of the existence of bad faith is found its reply memorandum:

> Since Plaintiff knew when it ‘ commenced this lawsuit that it was second in time to use the actual name of Cardinal Logistics, and because the jury found that the Defendant was first in time to use the name, it is only equitable for the Court to find that the Plaintiff's institution was in fact either fraudulent, deliberate, willful, or malicious activity in bad faith which justified the award of attor-

---

1. *See Brenco, Inc. v. Roller Bearing Industries, Inc.*, 92 F.3d 1176 (4th Cir.1996) (in table), *available in*, 1996 WL 436563, at *4, n. 9. In *Brenco*, the Fourth Circuit stated the following in footnote 9:

   We recognize that *Scotch Whisky's* dual standard was called into considerable doubt by disapproving dicta in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 1028–

1029 n. 12, 127 L.Ed.2d 455 (1994). The same test—be it bad faith or "something less"—may well apply to applications for fees from both plaintiff and defendant. In any event, because RBI has not made even the "something less" showing here, the continuing vitality of the *Scotch Whisky* standard need not be decided.

ney's fees, even based upon the poorly reasoned Eleventh Circuit's decision.

Def.'s Reply Mem., at 5.

■ However, upon investigation of the facts and circumstances surrounding this controversy, the Court finds that this argument is not tenable. Instead, the evidence shows that a claim was brought by the Plaintiff in good faith in order to settle a dispute that existed over the use of the name Cardinal Logistics. At no time did the Defendant produce any credible evidence that proved that the Plaintiff acted in bad faith. Whether the party was second in time in use or not is irrelevant in and of itself; there must be some demonstration of Plaintiff's "willful" or "malicious" intent. *See* H.R.Rep. No. 93–524 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133. Because Defendant has not produced this evidence, the Motion must be denied.

### III. *Conclusion*

In sum, this case is not "exceptional," as is required for an award of attorney's fees under the Lanham Act. Accordingly, having reviewed the Motion and the record, and being otherwise duly advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Attorney's Fees, DE # 70, is **DENIED**.