[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14432
Non-Argument Calendar
_____

D. C. Docket No. 04-03260-CV-TWT-1

OPTIMUM TECHNOLOGIES, INC.,

Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,
ACE HARDWARE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 14, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Optimum Technologies, Inc. ("Optimum") filed suit against Home Depot, Inc. ("Home Depot") alleging that Home Depot committed trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, and false advertising in violation of 15 U.S.C. § 1125(a). Home Depot sought partial summary judgment as to Optimum's claim for monetary damages under the Lanham Act and for Optimum's claim of false advertising. The district court granted Home Depot's motion. The district court found that Optimum's claim for monetary damages, which consisted of Home Depot's profits, attorney fees, and enhanced damages, were not appropriate under the facts of this case. Optimum appeals the district court's decision concerning Optimum's claim for monetary damages. Optimum does not appeal the court's order dismissing the false adverting claim.

## BACKGROUND

Optimum is a family owned company that sells a variety of floor related products. Optimum's best selling product is the Lok-Lift Gripper ("Lok-Lift"). This product is applied in strips to the back of rugs and mats to secure them in place and prevent slippage on hard floors and carpets. Optimum is the registered owner of the Lok-Lift mark.

From 1994 until January 2003, Optimum sold the Lok-Lift product to Home Depot through a joint venture partnership between Optimum and Henkel Consumer

2

Adhesives, Inc. ("Henkle"). Pursuant to this partnership, Henkle purchased the Lok-Lift product from Optimum then distributed it to various retailers, including Home Depot. In 1998, Henkle began developing its own material that could be used to hold carpets and mats in place on floors. Henkle's product, which was later named Hold-It for Rugs ("Hold-It"), is similar to Optimum's Lok-Lift product; however, the Hold-It product is not intended to be used to hold rugs in place on carpets, only floors.

In October 2002, Henkle provided Home Depot with notice that it intended to substitute its Hold-It product in the place of the Lok-Lift product. Henkle began the announced product change sometime between December 2002 and January 2003. As the product change over occurred, Henkle sent Home Depot Hold-It with the same product number and tracking information as the Lok-Lift product. Therefore, Home Depot's computer system did not reflect that the products had changed. Accordingly, Home Depot did not update its shelf tags, which still bore the name Lok-Lift, and Home Depot's cash register receipts reflected that Lok-Lift had been purchased even if Hold-It had actually been purchased. However, the Hold-It product that was sold at Home Depot was packaged and marked with the name Hold-It and had no reference to Lok-Lift or Optimum.

In April 2004, Optimum sent Home Depot a courtesy copy of the complaint

3

that it had filed against Henkle for breach of confidential relationship, breach of fiduciary duty, fraud, fraudulent concealment, negligent misrepresentation, and trademark and trade dress infringement. (Doc. No. 69, exhibit 8). The letter informed Home Depot that one issue in the suit concerned the products Home Depot sold through Henkle. The letter also noted that Home Depot was not named as a defendant in the litigation and did not request that Home Depot take any action.[1] Optimum claims that when it visited Home Depot stores, it pointed out to Home Depot store personnel that Home Depot was improperly using the Lok-Lift mark. In September 2004, counsel for Optimum sent Home Depot another letter. In this letter, Optimum stated that Home Depot was continuing to infringe upon Optimum's Lok-Lift mark by having shelf tags that bore the Lok-Lift name and cash register receipts reflecting a purchase of the Lok-Lift product when the Hold-It product was the product actually purchased. In response to this letter, Home Depot sent out an emergency maintenance request to try and rectify these concerns. (Doc. 69, exhibit 16). Home Depot also requested that Henkle coordinate visits to each Home Depot store to make sure that the Hold-It product was being properly displayed. On November 5, 2004, Optimum filed this lawsuit against Home Depot.

---

[1] On August 5, 2004, Optimum also issued a subpoena decus tecum to Home Depot in connection with Optimum's lawsuit against Henkle.

4

In its partial motion for summary judgment, Home Depot argued that even if it had infringed upon Optimum's mark, Home Depot's actions did not justify an award of its profits, attorney fees, or enhanced damages. The district court agreed and granted Home Depot's motion.[2]

## STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. *Vason v. City of Montgomery, Ala.*, 240 F.3d 905, 906 (11th Cir. 2001) (per curiam). The Lanham Act confers broad discretion upon the district court to fashion a remedy and determine the proper relief due an injured party. *See* 15 U.S.C. § 1117(a); *Burger King v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). We review the trial court's exercise of its discretion for an abuse of discretion. *Id*.

## DISCUSSION

Under its claim for trademark infringement, Optimum sought, in addition to injunctive relief, monetary relief in the form of profits, attorney fees and costs, and enhanced damages.[3] The Lanham Act provides that, subject to the principles of equity, a successful plaintiff may recover: (1) defendant's profits, (2) any damages

---

[2] On July 26, 2006, parties stipulated to the dismissal with prejudice of Optimum's prayer for injunctive relief. On July 27, 2006, the district court directed that final judgment be entered in favor of Home Depot.

[3] Optimum did not seek to recover actual damages.

sustained by the plaintiff, and (3) costs of the action.  15 U.S.C. § 1117(a).[4]  In an

exceptional case, the district court may award attorney fees to the prevailing party.

Guided by principles of equity, the district court found that even if Home Depot

had infringed upon Optimum's Lok-Lift mark, Optimum was not entitled to any of

these forms of monetary relief.  For the reasons stated herein, we agree.

A.      Profits

This Court has determined that an accounting of a defendant's profits is

appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the

defendant was unjustly enriched, or (3) it is necessary to deter future conduct.  *See*

*Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1521 (11th Cir. 1990).

There is scant evidence in the record that would suggest that Home Depot's

conduct was willful.  We have described a willful violation of a trademark

occurring where the infringer was "knowingly and deliberately cashing in upon the

good will of [the infringed].'" *Burger King v. Mason*, 855 F.2d 779, 781 (11th Cir.

1988) (per curiam)(quoting *Wolf v. Nation Lead Co.*, 272 F.2d 867, 871 (9th Cir.

1959).  Home Depot's action consisted of having outdated shelf tags with

---

[4] Optimum also brought a claim for trademark infringement under Georgia common law. The district court did not separately analyze the state law claim in its order granting summary judgment.  However, this Court has noted that a trademark infringement claim under Georgia law is reviewed under the same standards as a claim under the Lanham Act. *See University of Georgia Athletic Ass'n v. Laite*, 756 F.2d 1535, 1539 n.11 (11th Cir. 1985).

Optimum's Lok-Lift mark and store receipts erroneously reflecting that a customer had purchased Lok-Lift when that customer actually purchased Henkle's Hold-It. Optimum argues that Home Depot's actions were willful because after Home Depot was put on notice that it was infringing upon Optimum's mark, Home Depot initially took no steps to rectify the situation. Optimum argues that when Home Depot did take steps to rectify the situation, those steps came about too slowly. However, the record shows that Home Depot began to change its outdated store tags and cash register receipts after Optimum sent Home Depot a letter directly accusing it of infringing upon the Lok-Lift mark. Home Depot began to rectify the situation before this lawsuit was filed and continued the process until all outdated store tags were changed and the cash register receipts reflected the proper item being sold. While Optimum may have wanted this process to progress at a more rapid pace, this is not evidence that Home Depot's alleged infringement was willful. Furthermore, there is no evidence that the existence of outdated store tags and inaccurate store receipts was based on Home Depot's attempt to deliberately cash in on Optimum's good will. Therefore, Home Depot's actions of alleged infringement were not willful.

We also agree with the district court that there is no evidence of unjust enrichment. Unjust enrichment occurs when an infringer has "enriched themselves

7

by tapping the reputation and good will of [the infringed]." *Khimani*, 892 F.2d at 1521 n.9. There is no evidence that any of Home Depot's sales of Hold-It are attributable to its alleged infringement of Optimum's Lok-Lift mark.[5] Furthermore, the facts of this case do not present a situation where there is a need to deter future conduct. There is no evidence that Home Depot was improperly using the Lok-Lift mark to its financial advantage, and Home Depot has rectified the allegedly infringing conduct in all of it stores. Based on the specific facts of this case, the district court did not abuse its discretion in finding that an accounting of Home Depot's profits was not an appropriate remedy.

B. <u>Attorney Fees</u>

In "exceptional cases," the district court has the discretion to "award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An exceptional case is "where the infringing party acts in a malicious, fraudulent, deliberate, or willful manner." *Burger King v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994) (internal quotation marks omitted). There is no evidence to suggest that this is an exceptional case. Therefore, the district court did not abuse

---

[5] Optimum claims that it is worried about the company going into bankruptcy. However, there is no evidence that any of Optimum's financial troubles were attributable to Home Depot's use of outdated shelf tags and inaccurate cashier receipts.

its discretion in finding that attorney fees was not an appropriate remedy.[6]

### C.   Enhanced Damages

The district court may, in its discretion, reduce or enhance the resulting award up to three times the amount of profits or damages, whichever is greater, as justice shall require.  15 U.S.C. § 1117(a).  "Such an award is discretionary, but it may not be punitive, and must be based on a showing of actual harm." *Babbit Electronics. Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183 (11th Cir. 1994) (per curiam).  Since Optimum is not entitled to Home Depot's profits and has not shown any actual harm, it is not entitled to any enhanced damages.

Accordingly, upon review of the parties' briefs and the record, we discern no reversible error and affirm the decision of the district court.

**AFFIRM**.

---

[6] The district court also found that Optimum was not entitled to costs.  An award of costs is also within the discretion of the district court, and we find no abuse of this discretion in finding that an award of costs was not an appropriate remedy.  *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001).