[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12406
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-08837-CV-KLR

CHARLES VAVRUS,

                                        Plaintiff-Appellant,

                    versus

JOSEPH RUSSO,
ERIC JABLIN,
CARL SABATELLO,
LAUREN FURTADO,
DAVID CLARK et al.,

                                        Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(September 19, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Charles Vavrus ("Vavrus") appeals from the district court's award of attorney's fees in the amount of $137,171.50 to Defendants-Appellees Joseph Russo, Mark Hendrickson, Roxanne Manning, and Bobbie Berakovich ("Defendants"),[1] pursuant to 42 U.S.C. § 1988. No reversible error has been shown; we affirm.

In this civil rights action, Vavrus alleged violations of his equal protection and substantive due process rights arising out of Defendants' "campaign of harassment against Plaintiff through the use of code enforcement proceedings and ex parte injunction actions" taken "in an effort to coerce Plaintiff to sell his ranch . . . at less than its fair market value and to stymie his efforts to deannex the property from the City." The district court granted summary judgment to Defendants, and we affirmed. Vavrus v. Russo, No. 04-14790 (11th Cir. May 10, 2005) (unpublished) ("Vavrus I"). We also denied Defendants' motion for attorney's fees and costs on appeal.

After the mandate issued, Defendants notified the district court of their intent to proceed with their previously-filed motion to tax attorney's fees to Vavrus, which the district court had stayed pending Vavrus' appeal. After briefing

[1]These persons are current and former officials of the City of Palm Beach Gardens, Florida ("City"). The City was also named as a defendant, but is not a party to the order at issue in this appeal.

2

by both parties, the district court granted Defendants' motion and awarded attorney's fees. Vavrus now appeals from this order, contending that the district court erred in awarding Defendants attorney's fees because (1) the law of the case doctrine barred the district court from granting Defendants' motion because we denied Defendants' motion for attorney's fees on appeal; and (2) Vavrus' suit was not "frivolous, unreasonable, or without foundation" as required for an award of fees to prevailing defendants under Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).

We review the district court's award of attorney's fees for abuse of discretion. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). "An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Id. (citation and quotation marks omitted).

Section 1988 states that a "court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ." Although a prevailing plaintiff "[o]rdinarily . . . 'is to be awarded attorney's fees in all but special circumstances,' " a prevailing defendant may recover attorney's fees "only when the court finds that the plaintiff's claim was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad

faith.' " Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995) (quoting

Christianburg, 434 U.S. at 418, 421). The Supreme Court has cautioned that, in

making such determinations,

> it is important that a district court resist the understandable temptation to
> engage in post hoc reasoning by concluding that, because a plaintiff did
> not ultimately prevail, his action must have been unreasonable or without
> foundation. This kind of hindsight logic could discourage all but the most
> airtight claims . . . . Even when the law or the facts appear questionable
> or unfavorable at the outset, a party may have an entirely reasonable
> ground for bringing suit.

Christianburg, 434 U.S. at 421-22.

We have noted that frivolity determinations must be made on a case-by-case

basis, taking into account various factors, including (1) whether the plaintiff

established a prima facie case, (2) whether the defendant offered to settle; and (3)

whether the suit was dismissed before trial. See Head, 62 F.3d at 355-56. Here,

the district court concluded that Vavrus' claims were "legally meritless" because

he failed to establish a prima facie case for his equal protection or substantive due

process claims and because the suit was decided on summary judgment. We

conclude that no error exists in this determination.

First, the law of the case doctrine did not preclude the district court from

independently exercising its discretion to award Defendants attorney's fees under

section 1988. This doctrine provides that "findings of fact and conclusions of law

4

by an appellate court are generally binding in all subsequent proceedings in the same case . . . ." Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 169 (11th Cir. 1994) (citation and quotation marks omitted). But, the doctrine only applies to those things decided explicitly or by necessary implication. Id. Contrary to Vavrus' contention, our denial of Defendants' motion for attorney's fees on Vavrus' earlier appeal did not explicitly or by necessary implication determine that Vavrus' suit was not "frivolous, unreasonable, or without foundation." Our order simply stated that Defendants' motion was "DENIED." We did not explain the denial. And, the denial could not necessarily imply that we had concluded that Vavrus' suit was nonfrivolous; whether or not we actually regarded Vavrus' underlying claims as without foundation, we might have simply exercised our discretion to deny attorney's fees. Cf. Thomas v. Bible, 983 F.2d 152, 154 n. 2 (9th Cir. 1993) ("[I]f an appeal is non-frivolous we cannot award appellate fees . . ., but if an appeal is frivolous [we have] discretion to grant or deny fees. . . . [F]or purposes of the law of the case doctrine the consequences of relying on one ground rather than the other are entirely different."); Price v. State of Hawaii, 939 F.2d 702, 710 n. 10 (9th Cir. 1991) (noting that appellate court "must exercise [its] own discretion when fees are requested on appeal," even when the lower court's fee award is affirmed on appeal).

Second, the district court did not abuse its discretion by concluding that Vavrus' claims were "legally meritless." We see no error in the district court's determination that Vavrus failed to establish a prima facie case on both his equal protection and substantive due process claims because he failed to introduce evidence supporting his allegations. In Vavrus' earlier appeal, we concluded that Vavrus' equal protection claims "lack merit because the Plaintiff produced no evidence that he was treated differently from similarly situated persons." Vavrus I (emphasis added). We also affirmed the district court's determination that Vavrus' substantive due process claims were "meritless." Thus, we do not accept Vavrus' contention that the district court misconstrued the nature of Vavrus' claims in determining that his suit was frivolous.

That we determined that Vavrus' claims were properly dismissed on summary judgment does not automatically entitle Defendants' to attorneys' fees, see Head, 62 F.3d at 356; but that Vavrus' suit was unsuccessful because he failed to introduce evidence supporting his allegations does suggest that his suit was groundless. See id. at 355 (noting that findings of frivolity have generally been sustained when plaintiffs failed to introduce evidence supporting their claims); Munson v. Milwaukee Bd. of Sch. Directors, 969 F.2d 266, 270 (7th Cir. 1992)

6

(upholding fee award to defendant where plaintiff offered no evidence to support his allegations of wrongful discharge).

That Vavrus' claims survived Defendants' motion to dismiss does not indicate that the suit was <u>not</u> frivolous. At that early stage, the district court must accept as true the plaintiff's well-pleaded factual allegations. Vavrus' claims failed because he did not introduce evidence supporting his allegations, not because the district court "simply changed its mind." <u>See</u> <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1080-81 (4th Cir. 1993) (affirming fee award to defendants where plaintiffs' claim survived motions for dismissal and summary judgment, but was ultimately determined to be factually frivolous). Contrary to Vavrus' assertion, the legal standards and theories applicable to Vavrus' claims were not novel. The district court consistently set forth the standards at both the motion to dismiss and summary judgment stages and compared Vavrus' allegations and evidence, respectively, to the standards. In granting summary judgment to Defendants, the district court repeatedly stated that Vavrus had introduced <u>no</u> evidence demonstrating that Defendants had treated Vavrus differently than other similar landowners or had acted with an improper motive.

We conclude that the court acted within its discretion in awarding Defendants' attorney's fees under 42 U.S.C. § 1988. Vavrus does not challenge

7

the amount of fees awarded. We therefore affirm the district court's judgment of attorney's fees in favor of Defendants.

**AFFIRMED.**