CARNES, Circuit Judge,
concurring:
I concur in the Court’s decision that in light of Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2335, 183 L.Ed.2d 250 (2012), McIntosh is entitled to be resen-tenced under the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372, and I join that part of its opinion.
I also concur in the decision that McIntosh’s conviction is due to be affirmed, although I arrive at that destination by a different route than the one the Court takes. In the first appeal of this case, we concluded that the district court erred when it denied McIntosh’s motion to dismiss the second indictment on Double Jeopardy grounds. United States v. McIntosh, 580 F.3d 1222 (11th Cir.2009). A necessary and explicitly stated premise of that conclusion was that even though the indictment had been dismissed, the first conviction had not been vacated and dismissed; it still existed. Id. at 1228. We explained that “McIntosh has not yet been sentenced based on his plea of guilt in the first case, but his conviction still exists and awaits a sentence.” Id. That is the reason we gave for our decision that McIntosh’s conviction for the same crime under the second indictment violated the Double Jeopardy Clause. See id. at 1229 (“McIntosh’s initial conviction was never vacated, and the Double Jeopardy Clause prohibited a second prosecution of McIntosh for the same offenses.”)
Our holding in the first appeal that McIntosh remained convicted under, and still could be sentenced based on, the first indictment is inconsistent with all of McIntosh’s contentions in this appeal. This appeal of the judgment that the district court entered on remand arises from the district court doing exactly what we instructed it to do: sentence McIntosh based on the first indictment even though that indictment had been dismissed. Because our opinion in the first appeal was published, we are bound by the prior panel precedent rule to follow the holdings of that decision. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1292 (11th Cir.2005) (“Because our previous decision was published, the prior panel precedent rule also applies to any holdings reached in the earlier appeal.”).
We are also bound by the law of the case doctrine to follow our holdings in the first appeal. See Norelus v. Denny’s, Inc., 628 F.3d 1270, 1288 (11th Cir.2010); Burger King Corp. v. Pilgrim’s Pride Corp., 15 F.3d 166, 169 (11th Cir.1994) (“As we have repeatedly recognized, findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial or on a later appeal.”) (internal quotation marks omitted); id. (“[Bjinding precedent makes clear that the law of the case encompasses all things decided by neces *910 sary implication as well as those decided explicitly.”) (internal quotation marks and emphasis omitted); AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 579 F.3d 1268, 1270-71 (11th Cir.2009) (same). “The exceptions to the law of the case doctrine are (1) the presentation of new evidence, or (2) an intervening change in controlling law, or (3) that the appellate decision is clearly erroneous and would result in manifest injustice if implemented.” United States v. Williams, 563 F.3d 1239, 1242 (11th Cir.2009). None of those exceptions applies here. No evidence was presented on remand. There has been no change in controlling law. Our decision in the first appeal was not clearly erroneous, as the discussion of the Double Jeopardy issue in the Court’s opinion in this appeal (which is not grounded in the prior precedent rule or the law of the case doctrine) demonstrates. And McIntosh was sentenced for drug and firearm crimes that he admits he committed. There is no injustice in that, manifest or otherwise.[1]

. An interesting legal issue would arise if the clear error and manifest injustice exception to the law of the case doctrine were applicable in this case. If that exception applied, it might clash with the prior precedent rule, which has no exception for clear error. See Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir.2001) ("The idea of an exception to the prior panel precedent rule where a subsequent panel is convinced the prior one reached the wrong result—for whatever reason—is also inconsistent with a number of decisions in which panels of this Court have obediently followed prior panel precedents they were convinced were wrong.”); Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076 (11th Cir.2000) ("Even if we thought Lindsey wrong, the prior panel precedent rule is not dependent upon a subsequent panel’s appraisal of the initial decision's correctness. Nor is the operation of the ruLe dependent upon the skill of the attorneys or wisdom of the judges involved with the prior decision—upon what was argued or considered. Unless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit regardless of what might have happened had other arguments been made to the panel that decided the issue first.”). Would the clear error and manifest injustice exception to the law of the case doctrine trump the prior panel precedent rule, or does that exception extend no further than the law of the case doctrine of which it is a part, leaving the prior precedent master of all to which its terms apply? As fascinating as that question is, we need not answer it in this case because no exception to the law of the case doctrine does apply.