[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11994
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00027-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON GARCIA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 20, 2014)

Before CARNES, Chief Judge, DUBINA and SILER,* Circuit Judges.

PER CURIAM:

--------

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

Ramon Garcia was convicted on one count of manufacturing 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii).  He appealed his conviction, contending that the district court erred when it denied his motion to suppress evidence seized from his house and a barn on his property.  That appeal is now before us for the second time.  All of the relevant facts and procedural history are set out in our earlier decision in this case, United States v. Garcia, No. 12-11994, slip op. at 2–5 (11th Cir. June 6, 2013) (Garcia I), and we will assume the reader's familiarity with it.

In our earlier decision, we resolved several issues concerning Garcia's motion to suppress, and we are bound by those determinations here.  See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) ("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) ("Law of the case binds not only the trial court but this court as well."); Burger King Corp. v. Pilgrim's Pride Corp., 15 F.3d 166, 169 (11th Cir. 1994).  First, we held that exigent circumstances did not support the warrantless search of Garcia's home.  Garcia I, slip op. at 5–10.  Second, we held that the district court did not clearly err when it concluded that the barn on Garcia's property was located beyond the

2

curtilage of Garcia's home.  Id. at 11 n.2.  That meant that the investigating officers were permitted to include their observations of the barn's surroundings when applying for a warrant to search Garcia's property.  Id.

We also surmised that the evidence collected from Garcia's property may have still been admissible, despite the fact that the initial search of his home was unlawful, because of the independent source exception to the Fourth Amendment's warrant requirement.  Id. at 10–12.  That exception has two requirements:  (1) the warrant affidavit must establish probable cause independent of any information obtained during the initial illegal search, and (2) if the remaining information was sufficient to establish probable cause, the officers' decision to seek the warrant must not have been "prompted by" what they saw during the illegal search.  See United States v. Noriega, 676 F.3d 1252, 1260–61 (11th Cir. 2012) (quotation marks omitted).  We held in Garcia I that the first prong of the independent source exception was met.  Garcia I, slip op. at 11–12.  More specifically, we held that probable cause existed to search the premises, even without the observations Deputies Roe and Moody made inside Garcia's home, because of the observations officers made in the open fields surrounding the barn near the home.  Id.  We could not resolve the second prong of the independent source test, however, because there was an unresolved factual question as to whether the officers' decision to

3

seek a warrant was "prompted by" their initial illegal search of Garcia's home. Id. at 12. We therefore remanded this case to the district court for resolution of that factual issue.

On remand, the district court held two hearings in which it heard testimony from Officer Roe and Sergeant Joshua Lee. Officer Roe, who had participated in the initial illegal search of Garcia's home and had also observed outside the home evidence that Garcia's barn was being used to cultivate marijuana, testified at the first hearing that he would have searched the area surrounding Garcia's barn even if he had not smelled marijuana in Garcia's home when he illegally searched the residence. He further testified that, based solely on his observations near the barn, he would have contacted narcotics officers so they could obtain a search warrant for the premises. The district court credited Sergeant Roe's testimony and found that (1) he would have searched the area surrounding Garcia's barn even if he had not entered Garcia's home beforehand, and (2) he would have contacted narcotics officers based on his observations of the barn's exterior, even if he had not entered Garcia's home beforehand. Those findings are not clearly erroneous.

Sergeant Lee, the officer who applied for the warrant to search Garcia's property, testified at the second hearing that he would have sought a search warrant to search the property, even if Officer Roe "hadn't gone into the house . . . and

4

made the observations that he did inside the residence." Sergeant Lee testified that he would have applied for the search warrant based on all the other evidence observed in the open area surrounding the barn on Garcia's property. The district court credited Sergeant Lee's testimony and found that his decision to seek a search warrant was "based primarily on his and other officers' observations of the area around [Garcia's] barn" and that he would have sought a warrant to search the premises based solely on the observations of the outbuilding, even if the illegal search of Garcia's residence had not occurred. We see no clear error in those findings as well.

The district court's factfindings lead us to conclude that the second prong of the independent source exception is met in this case. As a result, the evidence seized from Garcia's property was admissible under the independent source exception, and the district court did not err when it denied Garcia's motion to suppress. See Noriega, 676 F.3d at 1260–61.

**AFFIRMED.**[1]

---

[1] This appeal was originally scheduled for oral argument but was removed from the oral argument calendar by unanimous agreement of the panel under 11th Cir. R. 34-3(f).